UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD ACHER ) | |
| ) | |
| *Plaintiff,* ) | |
| v. ) | |
| ) | CIVIL ACTION NO. |
| FUJITSU NETWORK COMMUNICATIONS, ) | |
| INC. ) | |
| ) | |
| *Defendant.* ) . | |
| ) | |

## AFFIDAVIT OF MELANIE SCOFIELD

I, Melanie Scofield, provide the following affidavit based on my personal knowledge unless otherwise stated.

1.     I am a Senior Vice President and the General Counsel of Fujitsu Network Communications, Inc. ("FNC"). I have been employed in the position of General Counsel for 11 years.

2.     Over the last decade, FNC has undergone various corporate changes, including a name change. In 1994, the prior name of what is now FNC was Fujitsu Network Transmission Systems, Inc. ("FNTS"). My review of corporate records demonstrates that Donald Acher was an employee of FNTS in 1994, and he continued his employment through the corporate name change until his termination on June 11, 2003.

3.     In 1994, FNC adopted an arbitration policy and circulated the policy to all employees. That policy is still in effect today (with minor revisions to comply with any new developments in the law).

4.     A true and correct copy of FNC's arbitration policy in effect today is attached hereto as Exhibit A. A true and correct copy of the memorandum circulated to all employees in 1994 when the policy was first adopted (and when the company was known as FNTS) is attached hereto as Exhibit B.

Signed under the penalties of perjury this 3rd day of November, 2003.

*Melanie Scofield*
Melanie Scofield, Senior Vice President and General Counsel

**CORPORATE POLICY**
**FUJITSU NETWORK COMMUNICATIONS, INC.**
**RICHARDSON, TEXAS**

| | | | |
|---|---|---|---|
| **POLICY NO.:** | FNC-024 | **REVISION NO.:** | Two |
| **ISSUED:** | October 14, 1994 | **EFFECTIVE:** | 01/24/2000 |
| **DEPARTMENT:** | Human Resources | | |
| **TITLE:** | **ARBITRATION POLICY** | | |

**PURPOSE:**     To establish a uniform procedure for resolution of employee concerns which is fair, economical, and efficient for both the employee and Fujitsu Network Communications, Inc. ("FNC" or the "Company").

**SCOPE:**     All FNC Employees

**POLICY:**

**1.0    GENERAL**

1.1    Any dispute between an employee and FNC arising out of the employee's employment with the Company or its termination, including without limitation any claim of wrongful termination, breach of implied contract, discrimination, unlawful harassment, including sexual harassment, breach of the covenant of good faith and fair dealing, violations of public policy, or any federal or state law, or as to all the preceding, any related claims of defamation, or infliction of emotional distress, which are not resolved by the Company and employee through direct discussion or mediation, will be submitted exclusively to final and binding arbitration in accordance with the Company's Arbitration Procedures. A copy of the Procedures is attached.

1.2    Notice of the Arbitration Policy is contained in the application for employment with FNC as well as the offer letter. Unless approved by the Vice President of Human Resources or his/her designee, the arbitration language should not be removed from the application or the offer letter, nor should any offer letter be signed by the Company if the language has been stricken.

1.3    A general announcement of this policy will be made to all Company employees upon its adoption.

1.4    Employees may utilize the arbitration procedure by submitting a Request for Arbitration to the Vice President of Human Resources within one year after the

first event giving rise to the dispute.  Managers receiving such a request should forward it to the Vice President of Human Resources immediately.

## ARBITRATION PROCEDURES

### 1.    AGREEMENT TO ARBITRATE

If there is any dispute with Fujitsu Network Communications, Inc. ("FNC" or "Company") including any parent, subsidiary or affiliate of the Company in any way arising out of your employment or the termination of your employment or arising in any way out of any claim of discrimination, unlawful harassment, including sexual harassment, or claims of breach of the covenant of good faith and fair dealing (where applicable), or violation of public policy, or as to all the preceding, any related claims of defamation or infliction of emotional distress, and you and the Company are unable to resolve the matter through direct discussion or mediation, you and the Company agree to waive your respective rights to a jury or judge trial and instead agree to submit all such disputes exclusively to final and binding arbitration pursuant to the provisions of the Federal Arbitration Act. The Federal Arbitration Act is the appropriate statute since FNC engages in interstate commerce, has offices throughout the country, and requires conformity in the application of the Arbitration Policy. However, if this statute is determined by a court to be inapplicable, then the arbitration act of any other state in which the employee is employed will be applicable. If there is no such state act, then the California Arbitration Act will apply.

THIS AGREEMENT TO ARBITRATE CONSTITUTES A COMPLETE WAIVER TO A JURY OR JUDGE TRIAL OF ANY OF THE DISPUTES REFERENCED ABOVE.

Any failure to request timely arbitration (which is one year after the first event giving rise to the dispute) shall constitute a waiver of all rights to raise any claims in any forum arising out of any dispute that was subject to arbitration. This agreement to arbitrate does not apply to claims for workers' compensation, unemployment insurance, or any wage and hour matter, or any trade secret misappropriation or criminal conduct by a party.

This agreement does not prohibit you from filing any claim, complaint, or petition with the Equal Employment Opportunity Commission ("EEOC") or any similar state agency. Any right to sue letter received from the EEOC or other such agency shall mean a right to proceed to arbitration under this agreement. However, the one year period to timely request arbitration referenced above still runs from the first event giving rise to the dispute, not from the date of any filing with the EEOC or other agency.

THE FACT THAT YOU AND THE COMPANY AGREE TO ARBITRATE CERTAIN EMPLOYMENT-RELATED CLAIMS SHALL NOT BE DEEMED TO IN ANY WAY CHANGE THE PARTIES' AT-WILL RELATIONSHIP.

2.    **REQUEST FOR ARBITRATION**

The Employee or his/her representative ("Employee") shall submit a Request for Arbitration in writing to the Vice President of Human Resources. Where the request is from the Company, it shall deliver such a request to the Employee. The Request for Arbitration shall include the following information:

(1)    A description of the dispute in sufficient detail to advise the other party of the nature of the dispute;

(2)    The date when the dispute first arose;

(3)    The names and work locations of any co-workers or supervisors with knowledge of the dispute; and

(4)    The relief requested by the Employee or the Company.

3.    **ARBITRATOR SELECTION**

A.    All disputes shall be resolved by a single arbitrator.

B.    The arbitrator shall be selected from a list provided by the American Arbitration Association (the "AAA"), utilizing the AAA's National Rules for the Resolution of Employment Disputes with regard to arbitration, except to the extent they are modified herein or otherwise agreed to by the parties.

C.    The list provided by the AAA shall contain educational and professional biographies of each proposed arbitrator.

D.    The arbitrator shall be selected by agreement of the parties or, failing such, an agreement within twenty (20) calendar days of the receipt of the Request for Arbitration, by alternately striking names from the list. The last name remaining on the list shall be the arbitrator selected to resolve the dispute.

E.    Arbitrator selection shall be concluded within thirty (30) calendar days of receipt of the Request for Arbitration by the Company or the Employee, as the case may be.

F.    The Arbitrator shall only be authorized to exercise the powers specifically enumerated by this agreement and to decide the dispute in accordance with governing principles of law and equity. The Arbitrator shall not have any authority to modify the powers granted to him/her by the terms of this agreement. The Arbitrator also shall not have the authority to modify a party's responsibility for fees and costs as set forth in Section 11 below, except as required by law.

## 4.    THE ARBITRATOR'S AUTHORITY

The Arbitrator shall have only those powers authorized by statute or enumerated below:

A.    Rule on motions, including motions regarding the pleadings and discovery and motions for summary judgment.

B.    Issue protective orders on the motion of any party or third party witness. Such protective orders may include, but are not limited to, sealing the record of the arbitration in whole or in part (including discovery proceedings and motions, transcripts and the decision and award) to protect the privacy or other constitutional or statutory rights of parties and/or witnesses.

C.    Determine only the dispute submitted to him/her. The dispute shall be identified in the Request for Arbitration, any counterclaim(s), and the answer(s) thereto. Any dispute not identified in those pleadings is outside the scope of the Arbitrator's jurisdiction, and any award involving such dispute is void and subject to a motion to vacate.

D.    Determine whether the decision and award, if not subject to a protective order issued pursuant to paragraph B above, may be published or disclosed to third parties, considering the privacy interests of the parties and/or witnesses and the constitutional and/or statutory rights of the parties and/or witnesses implicated by disclosure or non-disclosure of the award.

E.    The Arbitrator shall have no authority to alter or otherwise modify the parties' at-will relationship or otherwise abandon or ignore applicable state or federal law.

## 5.    PLEADINGS

A.    A copy of the Request for Arbitration shall be forwarded to the Arbitrator within five (5) calendar days of his/her selection.

B.    Within twenty (20) calendar days following submission of the Request for Arbitration to the Arbitrator, the party not making the request shall respond in writing to the Request for Arbitration by Answer and/or Motion to Dismiss or Demurrer, as appropriate. The Answer or Motion to Dismiss or Demurrer shall be served on the Arbitrator and the Employee or the Company as the case may be.

C.    The Answer to the Request for Arbitration shall include the following information:

(1)    A response, by admission or denial, to each claim set forth in the Request for Arbitration;

(2)    All affirmative defenses asserted by the Company or the Employee as the case may be to each claim; and

(3)    All counterclaims the Company or the Employee asserts and third party claims.

D.    If the Company or the Employee contends that some or all of the claims set forth in the Request for Arbitration are barred as a matter of law, it may respond by Motion to Dismiss or Demurrer setting forth the legal authorities in support of its position.  If a party moves to dismiss or demurs to less than the entire Request for Arbitration, that party must answer those claims to which it does not demur at the same time that it submits its Motion to Dismiss or Demurrer.

E.    The responding party shall have twenty (20) calendar days to propose a Motion to Dismiss or Demurrer.  Any opposition must be in writing and served on the Arbitrator and the Company or the Employee as the case may be.

F.    If the Answer alleges a counterclaim, within twenty (20) calendar days of service of the Answer, the party against which the counterclaim is made shall answer and/or move to dismiss or demur to the counterclaim in writing and serve the answer or Motion to Dismiss/Demurrer on the Arbitrator and the other party.  If a party moves to dismiss or demurs to any counterclaim, the other party shall have twenty (20) calendar days in which to submit a written opposition to the Motion to Dismiss or Demurrer to the moving party and the Arbitrator.

G.    The Arbitrator shall rule on Motion(s) to Dismiss or Demurrer(s) to any claims and/or counterclaims within fifteen (15) calendar days of service of the moving and opposition papers.

H.    If any Demurrer(s) or Motion(s) to Dismiss is overruled, the moving party must answer those claims which it moved to dismiss or to which it demurred within five (5) calendar days of receipt of the Arbitrator's ruling.  The Answer must be served on the Arbitrator and the opposing party.

I.    When all claims and counterclaims have been answered, the Arbitrator shall set a time and place for hearing which shall be set as expeditiously as possible considering the circumstances of the case.

6.    **DISCOVERY**

A.    The parties shall cooperate in a reasonable manner in the voluntary exchange of documents and information to expedite the arbitration.

B.    After the appointment of the Arbitrator, the parties shall have the right to use and exercise all of the same rights, remedies and procedures, and be subject to all of the same duties, liabilities and obligations in the arbitration with respect to the subject matter

thereof, as provided in applicable statutory law; provided, however, that no more than one deposition per party shall be taken unless leave to do so is first granted by the Arbitrator.

    C.    The Arbitrator shall have the power, in addition to the power of determining the merits of the arbitration, to enforce the rights, remedies, procedures, duties, liabilities, and obligations of discovery by the imposition of the same terms, liabilities, and sanctions as can be imposed in like circumstances in a civil action by a federal district court under the Federal Rules of Civil Procedure or, if the Federal Arbitration Act does not apply, by the relevant state court of general jurisdiction under that state's Code of Civil Procedure, except the power to order the arrest or imprisonment of a person.

    D.    The Arbitrator may consider, determine, and make such orders imposing such terms, liabilities, and sanctions whenever necessary or appropriate at any time or stage in the course of the arbitration, and such orders shall be as conclusive, final, and enforceable as an arbitration award on the merits.

    E.    All discovery must be completed fifty (50) calendar days prior to the date set for hearing of the matter.

## 7.   MOTION FOR SUMMARY JUDGMENT OR ADJUDICATION

    A.    Either party may move for summary judgment or adjudication to the extent it is contended that the proceeding or claim has no merit or that there is no defense thereto. Notice of the motion and supporting papers must be served on the Arbitrator and the opposing party no later than forty (40) calendar days prior to the arbitration hearing.

    B.    The motion for summary judgment/adjudication shall be supported by declarations, admissions, discovery responses, depositions and/or matters of which judicial notice shall or may be taken.

    C.    Any opposition to the motion shall be served on the Arbitrator and the moving party within ten (10) calendar days following service of the motion for summary judgment/adjudication on said party. The opposition, where appropriate, shall consist of declarations, admissions, discovery responses, depositions and/or matters of which judicial notice shall or may be taken.

    D.    Any reply to the opposition shall be served on the Arbitrator and the opposing party within five (5) calendar days following service of the opposition on said party.

    E.    The Arbitrator shall rule on the motion within ten (10) calendar days following service of the moving, opposition and reply papers.

    F.    The motion for summary judgment/adjudication shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

G.    Supporting and opposing affidavits or declarations shall be made by any person on personal knowledge, shall set forth admissible evidence, and shall show affirmatively that the witness is competent to testify to the matters stated therein. Any objections based on the failure to comply with the requirements of this paragraph shall be made in the objecting party's papers or shall be deemed waived.

H.    The Arbitrator's ruling on the motion shall be in the form of a written order, signed and dated, and shall specify the reasons for the ruling. An order granting a motion for summary judgment/adjudication shall be subject to the provisions of the applicable arbitration act regarding enforcement and vacation of an Arbitrator's award.

## 8.    HEARING PROCEDURE

A.    At the commencement of the arbitration, the parties shall state the issue(s) to be submitted to the Arbitrator. The issue(s) to be decided must be identifiable from the Request for Arbitration, any counterclaim(s) and the answer(s) thereto. The Arbitrator shall not have the authority to frame the statement of the issue(s).

B.    The arbitration shall be governed by rules of evidence. The Federal Rules of Evidence or, if the Federal Arbitration Act is inapplicable, the Evidence Code of the state in which the arbitration is to occur shall be the applicable standard.

C.    The Arbitrator and the parties shall mutually agree on the number of days required for the hearing. If more than one day is required, subsequent dates shall be determined by agreement of the parties and the Arbitrator. Only if such agreement cannot be reached shall the Arbitrator decide the number of days.

D.    The hearing shall be recorded and transcribed verbatim by a certified court reporter. Each party shall bear its own costs with respect to a copy of the transcript of the hearing. Other financial obligations of the parties are set forth in Section 11 below.

E.    The Arbitrator shall order witnesses to be sequestered at the request of any party. However, the following persons are exempt from any order of sequestration and may attend every state of the proceedings regardless of their status as potential witnesses: the Employee; a representative of the Company; counsel, including in-house counsel, for any party.

F.    All testimony shall be under oath; oaths shall be administered by the Arbitrator or the court reporter.

G.    Depositions may be used in accordance with the Federal Rules of Civil Procedure, or, if the Federal Arbitration Act does not apply, in accordance with Arbitration Act of the state in which the arbitration is to occur or, if none applies, then the California Arbitration Act.

H.    The complaining party shall have the burden of proving each element of each of its claims; the responding party shall have the burden of proving any affirmative defenses.

I.    The order of the testimony at hearing shall be as follows:

(1)    The complaining party shall present its case prior to any obligation on the responding party to present any evidence.  However, the responding party may, at its election, conduct cross-examination or direct examination, as the case may be, of witnesses presented by the complaining party during the complaining party's presentation of its case and immediately following the complaining party's examination of the witness.

(2)    At the conclusion of complaining party's case, the responding party may submit oral or written motions for judgment on the pleadings, non-suit or directed verdict.

(3)    If the responding party's motions are denied, or if they are not dispositive of all complaining party's claims, the responding party may present its case.  The order of testimony shall proceed as in I(1) above.

J.    The parties may call witnesses for rebuttal following the completion of each party's case.

K.    The Arbitrator may question any witness for clarification in his/her discretion.

## 9.    POST-HEARING PROCEDURES

A.    Either party shall have the right to present closing argument at the conclusion of all testimony.

B.    In addition to or in lieu of closing argument, either party shall have the right to present post-hearing briefs.  The due date and procedure for exchanging post-hearing briefs shall be agreed on among the parties and the Arbitrator.  Only if agreement is not reached shall the Arbitrator have the authority to decide these matters.

## 10.    DECISION AND AWARD

A.    The Arbitrator shall issue a written decision (including his/her opinion) and award; the decision and award must be signed and dated.

B.    The Arbitrator shall issue the decision and award within forty-five (45) calendar days of closing arguments or the receipt of post-hearing briefs, whichever is later.

C.    The Arbitrator's decision and award shall decide all issues submitted.

D.    The Arbitrator's decision and award shall set forth the findings of fact and conclusions of law supporting each part of the decision.

E.    The Arbitrator shall be permitted to award only those remedies in law or equity which are requested by the parties and which he/she determines to be legally supported by credible, relevant evidence.

## 11.  FEES AND COSTS

A.    Each party shall be responsible for its own attorneys' fees and costs, except as provided by law.

B.    The Company shall be responsible for the Arbitrator's fee and any costs associated with the facilities for the arbitration, e.g., the hearing room.

## 12.  ENFORCEMENT OF THE ARBITRATOR'S AWARD

Following the issuance of the Arbitrator's decision, any party may petition a court to confirm, correct or vacate the Arbitrator's decision and award under the Federal Arbitration Act, and if this statute is inapplicable, then under the Arbitration Act of the state in which the arbitration occurred or, if none applied, the California Arbitration Act. The award may be appealed to a court of law only for a request for declaratory relief through summary judgment proceedings to determine whether there is an outcome-determinative error of law in the Arbitrator's decision and award.

## 13.  SEVERABILITY

In the event that any provision of these Procedures is determined by a court of competent jurisdiction to be illegal, invalid or unenforceable to any extent, such term or provision shall be enforced only to the extent permissible under the law, and all remaining terms and provisions hereof shall continue in full force and effect.



**FUJITSU NETWORK
TRANSMISSION SYSTEMS, INC.**

## MEMORANDUM

TO:            All FNTS Employees

FROM:        Koji Inoue

DATE:        September 22, 1994

SUBJECT:    FNTS' Mandatory Arbitration Policy for all  Employees

I am proud of the fine workforce at FNTS and appreciate the efforts each of you makes for
the Company. FNTS has enjoyed a harmonious working relationship with its employees
and will continue to work to maintain that relationship. As we continue to mature and grow
both in size and complexity, we need to review on a continual basis ways to ensure that we
can meet new challenges. As we deal with more numerous and  complex issues, the
chance for disagreements and disputes to arise between FNTS and its employees increases.
Currently there is almost always a satisfactory resolution of the problem at the employee ---
manager level. In a very few instances, however, the dispute cannot be resolved internally
and an employee retains an attorney and brings a claim against FNTS.  Resolving such
disputes in the court system is time consuming and costly for both the employee and
FNTS.  Because of the large number of lawsuits filed each year and the limited ability of
the courts to handle the volume, it often takes years for a case to be resolved.  This delay
makes the entire procedure more expensive for everyone.  After careful consideration we
believe that by using arbitration, disputes can be resolved quickly and fairly for both the
employee and the Company.

Consequently, effective October 1, 1994 for new employees and April 1, 1995 for current
employees, FNTS will implement an arbitration policy for all employees under which
claims of unlawful discrimination or harassment or violations of public policy and disputes
over termination of employment which are not settled internally will be submitted to final
and binding arbitration.  The balance of this memorandum and the attached Questions and
Answers review the highlights of the policy.

We believe arbitration is in the best interest of both employees and FNTS, because it
provides a quicker and less costly way to resolve employment disputes than traditional
court procedures, while preserving the employees' rights under our legal system.  For
these very reasons, many companies across the country, including our parent company,
Fujitsu America, Inc., are making this transition to a policy of binding arbitration.
Arbitration is also common for many government employees and unionized labor.

I would like to emphasize that the implementation of this policy does not take away your
legal right to have an impartial decision-maker decide employment-related disputes; it
merely changes the forum in which disputes are resolved.  The primary benefit to
employees is that arbitration will be much faster and less costly than traditional court
procedures, because issues can be resolved in a much shorter time.

In general, the new policy states two things. First, if there is any dispute between you and
FNTS because of the termination of your employment or any claim of discrimination,
unlawful harassment, sexual harassment or violation of public policy (e.g. asking you to
perform illegal activities), or claims of breach of the covenant of good faith and fair dealing
(where applicable) or, as to all the preceding, related claims of defamation or infliction of

emotional distress, we will try to resolve the matter through direct discussion. Second, if through those efforts the dispute is not resolved, you and FNTS agree to submit the dispute exclusively to final and binding arbitration. There will be no jury trial.

The arbitrator is jointly selected by the employee and FNTS, and is a professional with wide experience in resolving employment-related disputes. The arbitrator's decision is final and binding on both parties.

The participation in this program is mandatory for all employees--continuing and new, full-time and part-time, regular and temporary--and is a condition of employment. For new employees, the arbitration policy will be clearly referenced in the employment application and offer letter. For continuing employees, the new policy and procedures are available in the Human Resources Department.

To initiate an arbitration proceeding an employee submits a written Request for Arbitration to the Human Resources Department within one year of the termination of employment or the occurrence of the alleged discrimination, harassment, public policy violation, or breach of the covenant of good faith and fair dealing (where applicable). If the party requesting arbitration does not act within this one-year period, all rights to the claim are waived.

This new policy does not apply to claims for workers' compensation, unemployment insurance or any matter within the jurisdiction of an applicable state labor commissioner. Such matters will be handled through the traditional administrative process if they cannot be resolved internally.

In summary, while the vast majority of employees will never have a dispute with FNTS, the Company is committed to resolving every dispute in an amicable and efficient fashion, first through internal discussion and, failing that, through a fair and impartial arbitration process.

To assist employees in more fully understanding the policy, presentations will be scheduled during which the policy will be explained and questions will be answered. A schedule of the sessions will be distributed in the near future. Similar presentations will be made at field offices. Additional questions should be directed to the Human Resources Department or the Legal Department.

## SELECT QUESTIONS AND ANSWERS ABOUT FUJITSU NETWORK TRANSMISSION SYSTEMS' MANDATORY ARBITRATION POLICY FOR ALL EMPLOYEES

**Q:**    **What is arbitration?**

**A:**    Arbitration is a simplified proceeding in which the parties present their disputes to an impartial judge, called the arbitrator, who has wide experience in resolving employment-related disputes. The arbitrator is jointly selected by the employee and the Company, and the arbitrator's decision is final and binding on both parties.

**Q:**    **Why is Fujitsu Network Transmission Systems, Inc. implementing this new policy?**

**A:**    The costs and delays associated with litigating employment claims through the court system have become extremely difficult for both the plaintiff and defendant to contain and manage. Arbitration is an excellent and comparable alternative preserving the value of a formal system through which employment-related disputes can be filed and heard. It should be faster and simpler and, therefore, less expensive than litigating disputes in court. Employment-related disputes will be resolved before an arbitrator instead of before a judge or jury. The implementation of this policy in no way extinguishes your right to resolve employment-related disputes; it merely changes the forum in which those disputes are resolved.

**Q:**    **What kinds of alleged wrongdoings are covered by this program?  What is not covered?**

**A:**    All employment-related disputes, including wrongful termination claims or any claim of discrimination, harassment or violation of public policy, and claims of breach of the covenant of good faith and fair dealing (where applicable) are covered under this policy. The agreement to arbitrate does not apply to claims for workers' compensation, unemployment insurance or any matter within the jurisdiction of a state's labor commissioner.

**Q:**    **If I arbitrate a claim, will my co-workers learn of my complaint?  Will they learn of the outcome of the arbitration?**

**A:**    Arbitration proceedings and outcomes are typically confidential.

**Q:**    **Who arbitrates a dispute?  How is she/he selected?**

**A:**    All disputes will be resolved by a single, experienced arbitrator who will be selected from a list provided by the arbitration service. The list provided will contain educational and professional biographies

Q & A   1 of 3

of each proposed arbitrator. An arbitrator will be jointly selected from the list by the employee and FNTS or by a process of elimination. Please review the arbitration policy or contact the Human Resources Department for a detailed explanation of the arbitrator's authority.

**Q:** **How do I request arbitration?**

**A:** Arbitration is initiated when the employee submits a written Request for Arbitration to the Human Resources Department. The Request for Arbitration is to include the following items:

1. A description of the dispute in sufficient detail to advise the Company of the nature of the dispute.
2. The date when the dispute first arose.
3. The names and work locations of any co-workers or supervisors with knowledge of the dispute.
4. The relief requested by the employee.

**Q:** **Once I file a Request for Arbitration, what happens?**

**A:** The Company has developed procedures to facilitate the processing of disputes. The procedures are available for your review through the Human Resources Department. It is important to emphasize that arbitration is the final--not the first--option available to employees with an employment-related dispute.

**Q:** **If I lose in arbitration, will I be fired? Can I appeal the decision?**

**A:** There will be no retaliation against you for using the arbitration process. The arbitrator's decision may only be appealed if there is reason to believe that the proceedings were illegal, invalid or unenforceable or that the decision was reached based on an error of law. Furthermore, either party may petition a court to confirm, correct or vacate the arbitrator's opinion and award. A party (either the employee or the Company) who is unhappy with the arbitrator's decision, however, cannot file the same complaint in a court of law.

**Q:** **If I win in arbitration, do I get a cash award? How much?**

**A:** In her/his decision, the arbitrator will determine the nature of and size of any award.

**Q:** **What will the arbitration cost me?**

**A:** The employee will be responsible for her/his attorney's fees as well as one-half the cost of the court reporter's fees, the arbitrator's fees, and miscellaneous costs associated with the arbitrator's work. Total costs to you are less than under the court system, because issues can usually be resolved in a much shorter time and costs associated with the arbitration process are typically less. It is

Q & A 2 of 3

difficult to quantify anticipated costs. Attorneys' fees range widely, and specifics of an individual claim will impact expenses.

**Q:**  **Do I have to sign anything because of the implementation of this program?**

**A:**  No, current employees are not required to sign anything. Only new employees will sign an application for employment that contains a clause regarding this policy. However, this policy will cover all future employment-related disputes for all employees.

**Q:**  **From start to finish, how long will the arbitration process take?**

**A:**  Although the length of the process varies case by case, in general, from the time an employee files a Request for Arbitration to the time a binding decision is made by the arbitrator, the arbitration should take less than one year. A year may seem like a long time, but it is significantly shorter than the traditional court process.