UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 2003CV120993-PBS

DONALD ACHER
Plaintiff

v.

FUJITSU NETWORK COMMUNICATIONS, INC.,
Defendant

**ORDER ON**

**THE MOTION FOR CHANGE OF VENUE BY THE PLAINTIFF
(Docket #4)**

**and**

**THE DEFENDANT'S MOTION FOR LEAVE TO FILE A REPLY BRIEF
(Docket #12),**

**AND**

**REPORT AND RECOMMENDATION ON**

**THE DEFENDANT'S MOTION TO COMPEL ARBITRATION OR,
IN THE ALTERNATIVE,
TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM
(Docket #5)**

ALEXANDER, M.J.

The plaintiff, Donald Acher ("Mr. Acher"), brings this suit against his former

employer, Fujitsu Network Communications, Inc. ("Fujitsu"), alleging wrongful

termination, breach of the implied covenant of good faith and fair dealing, and breach of

contract. He filed suit in the Superior Court for Worcester County on or about October 20, 2003 and Fujitsu removed it to the Eastern Division of the U.S. District Court for the District of Massachusetts in Boston, Massachusetts on or about October 29, 2003.[1] The case was drawn to Judge Saris.

Shortly thereafter, Fujitsu moved to compel Mr. Acher to submit to arbitration, asseverating that he is required to do so pursuant to a policy that was implemented after the onset of Mr. Acher's employment. Fujitsu further avers that should the motion to compel arbitration be denied, the complaint should nevertheless be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because the plaintiff's theories of recovery fail to state claims upon which relief can be granted. Mr. Acher opposes the motion, vigorously contesting that he had never been informed of the arbitration policy and is not bound by it, and that he has properly plead viable claims against Fujitsu. On November 25, 2003, Fujitsu filed a motion for leave to file a reply brief to Mr. Acher's opposition. The District Court referred the motion to compel arbitration (or alternatively to dismiss) to this Court for a Report and Recommendation on the disposition of that motion and for pre-trial management (*See* Order of Reference, Docket #11), and for ruling on the motion for leave to file a reply brief. (*See* Order of Reference, Docket #13.)

---

[1] The notice of removal by the defendant states that the case was removed from both the Hampden County Superior Court and the Worcester Superior Court, but the reference to Hampden County Superior Court appears to have been made in error. The docket of the federal district court seemingly adopts that error, indicating that the case was removed from the Hampden Superior Court. After review of the papers filed by both parties, it seems clear that Mr. Acher brought suit initially in Worcester Superior Court.

Also extant is the plaintiff's motion seeking a change of venue, i.e., the transfer of this matter to the Central Division of the U.S. District Court for the District of Massachusetts in Worcester, Massachusetts. In support of that motion, Mr. Acher contends that as he is a resident of Southboro, Massachusetts, and as Fujitsu has a principal place of a business is in Marlboro, Massachusetts, the federal district court in Worcester is the appropriate venue for this case pursuant to Local Rules 40.1 (C-D). On November 24, 2003, the District Court referred the motion for change in venue to this Court for ruling.

After consideration of the papers presented, the Court finds that the plaintiff correctly relies on the controlling Local Rules which govern the assignment of cases to the respective divisions within this District. In that the plaintiff resides within the Central Division's district and the defendant has a principal place of business there, that the key witnesses and documents are likely to be in that locale rather than in Boston, that the defendant identified the Central Division as the appropriate forum in its removal papers, and in the absence of any opposition to the change in venue and in consideration of the deference afforded a plaintiff's choice of forum, the Court finds good cause for the transfer of venue from the District Court in Boston to the District Court in Worcester. *See* Local Rule 40.1(C, D and F); 28 U.S.C. §1404(a-b). As such, the Court ALLOWS the motion for a change in venue.

In light of the Order allowing the motion for a transfer of venue, this Court

RECOMMENDS that the District Court (Saris, J.) not act on the motion to compel arbitration or alternatively to dismiss, and to reserve that motion for the judge to whom the matter is drawn in Worcester.  In order to expedite the resolution of that motion by the court in Worcester, however, this Court ALLOWS the motion for leave to file a reply brief so that the judge to whom the case is drawn is presented with as full a record as possible and adequate legal analysis on the salient issues, including whether Mr. Acher is bound by any arbitration policy instituted by Fujitsu after the plaintiff's employment commenced.

**CONCLUSION**

For the foregoing reasons, the Plaintiff's Motion to Transfer Venue (Docket #4) and the Defendant's Motion for Leave to File a Reply Brief (Docket #12)  are ALLOWED.  The Court further RECOMMENDS that the District Court (Saris, J.) take no action on the extant motion by the defendant to compel arbitration or to dismiss (Docket #5), and that the District Court (Saris, J.) reserve the disposition of that motion to the judge to whom the case is drawn in Worcester.

SO ORDERED.

| 12/05/03 | /S/ Joyce London Alexander |
|---|---|
| Date | United States Magistrate Judge |