UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*FILED*
*IN CLERKS OFFICE*
*2004 JAN 16 P 1: 11*
*U.S. DISTRICT COURT*
*DISTRICT OF MASS.*

WORCESTER, SS.:                                    Civil Action No. 03 12099 PBS

DONALD ACHER,
                    Plaintiff,

v.

FUJITSU NETWORK COMMUNICATIONS, INC.
                    Defendant.

## SUR REPLY MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION OR IN THE ALTERNATIVE, TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM

**Argument**

1.      <u>FNC's Motion to Compel Arbitration should be denied</u>.

In it's Reply Memorandum, FNC argues that Acher had access to all of the company

policies, including the arbitration policy, through its intranet and consequently, pursuant to

<u>O'Brien v. New England Telephone and Telegraph Company</u>, 422 Mass. 686, 691-92 (1996), that

Acher's continued employment following receipt of the policy provides the necessary support to

bind him to those policies.  See Respondent's Reply, p. 2.

In <u>O'Brien</u>, the SJC, in reliance upon <u>Jackson v. Action for Boston Community</u>

<u>Development, Inc.</u>, 403 Mass. 8 (1988), indicated that personnel policies in certain instances may

constitute implied contracts between the employer and the employee.  The <u>Jackson</u> court,

however, indicated, "that remaining with an employer after, or commencing employment upon,

receiving an employee manual, <u>can, in appropriate circumstances,</u> supply the necessary

1

consideration to incorporate the manual's terms into an employment contract." (emphasis added).

Jackson v. Action for Boston Community Development, Inc., 403 Mass. 8, 14 (1988).

Continuing, the Jackson court noted that a "finding that the terms of a personnel manual are part

of an employee's contract would be supported if the employee signed the manual, manifested

assent to it, or acknowledged understanding of its terms, or if the employer called special

attention to the manual." O'Brien v. New England Telephone and Telegraph Company, 422

Mass. 686, 693 (1996).

Here, Acher has maintained that he has never seen the arbitration agreement nor made

aware of its contents or existence throughout the course of his employment. See affidavit of

Donald Acher and Supplemental Affidavit of Donald Acher. FNC never called special attention

to the arbitration policy[1], although it has done so for other policies. See Supplemental Affidavit

of Donald Acher, paragraph 5. Although Acher has had access to the intranet since 1999, he has

never once reviewed the arbitration policy, nor advised of its existence. See affidavits of Donald

Acher. Since the courts have consistently held that an employee's waiver of judicial rights must

be knowing and voluntary, Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 170 F. 3d.

1, 18 (1st cir 1999), to require Acher to be bound by an arbitration policy that he has never seen or

been made aware of, would be inconsistent with the general holdings in both Jackson and

---

[1] FNC maintains that the policy was adopted in 1994 and has remained in effect through
the present. It's arbitration policy indicates that the notice of the arbitration policy is contained in
the application for employment as well as the employee's offer letter. Since Acher was employed
prior to 1994, he has not been asked to complete a "new" application, nor been provided with a
new offer letter. Acher has also indicated that he has never been made aware of any general
announcement regarding the adoption of the policy or any of its revisions.

O'Brien.[2]

Consequently, without Acher having actual notice of the policy, FNC cannot be required to compel Acher to arbitration.

2.    <u>Acher's Complaint for Wrongful Termination in Violation of Public Policy Must Be Allowed to Proceed.</u>

FNC argues that Acher's complaint for wrongful termination in violation of public policy is too tenuous or speculative, requiring dismissal. Acher's complaint can be briefly summarized as follows: FNC was attempting to increase business with Verizon to the exclusion of Lucent, one of FNC's competitors. A sales proposal was developed, which would require Verizon, in exchange for a new product line and favorable pricing, to either destroy, remove or render inoperable Lucent equipment. As senior sales manager, and the primary contact person for Verizon Massachusetts, Complainant strongly opposed this proposal, indicating, in relevant part, that serious public safety concerns would be created in the telecommunications industry by rendering inoperable Lucent's equipment. Industry safety standards and related government regulations would be impacted. See Exhibits 2 and 3 to Complainant's Opposition Memorandum.

Acher has already provided the court with numerous cases which support the public policy exception to the employment at will doctrine. FNC argues that the cases cited do not support

---

[2] It is ironic that FNC relies upon <u>O'Brien</u> to support its position that Acher should be bound by the arbitration agreement. The line of cases including <u>O'Brien</u> and <u>Jackson</u>, centered around employees seeking to bind the employer to the specific content of the personnel policies via an expressed or implied contract. However, FNC's arbitration policy, as revised, indicates on page 3, "the fact that you and the company agree to arbitrate certain employment related claims shall not be deemed to in any way change the parties at will relationship." FNC wants Acher to be bound by the arbitration policy, but not to acknowledge that the overall personnel policies rise to the level of and expressed or implied contract.

Acher's position.  Acher respectfully disagrees and relies upon his earlier argument.  However,

Acher supplements his previous argument by referring the court to the SJC opinion in <u>Mello v.</u>

<u>Stop and Shop Companies</u>, 402 Mass. 555, 560 (1988).  The SJC indicated that the court will

further assume that whistle blowing based on a reasonable good faith, but erroneous belief will

nonetheless result in protected activity.  <u>Mello v. Stop and Shop Companies</u>, 402 Mass. 555, 560

(1988).  Here, Acher opposed any attempt by FNC to jeopardize the safety of telecommunications

in Masssachusetts through its attempt to increase its market share of the Verizon business.  Acher

should be applauded for his efforts and given the protection granted to other whistle blowers who

have attempted to perform important public deeds.


Respectfully submitted,

Plaintiff, Donald Acher
by his attorney

Gary H. Goldberg
120 Main Street
Worcester, MA 01608
(508)797-1018
BBO #: 553887


Dated: January 15, 2004

4

## CERTIFICATE OF SERVICE

I, Gary H. Goldberg, hereby certify that on this _1_ day of January, 2004, I filed an original of the SUR REPLY MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION OR IN THE ALTERNATIVE, TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM by first class mail, Clerk, United States District Court, 595 Main Street, Worcester, Massachusetts 01608 and forwarded a copy by first class mail to counsel for Defendant:

Jeffrey M. Rosin, Esq.
Epstein, Becker & Green, P.C.
111 Huntington Avenue
26th Floor
Boston, MA 02199

Gary H. Goldberg, Esq.

5