# EPSTEIN BECKER & GREEN, P.C.

ATTORNEYS AT LAW

111 HUNTINGTON AVENUE
26TH FLOOR
BOSTON, MA 02199-7610
617.342.4000
FAX: 617.342.4001
EBGLAW.COM



November 9, 2004

**BY FIRST CLASS MAIL**

Mr. Martin Castles, Civil Clerk
U.S. District Court, District of Massachusetts
595 Main Street
Worcester, Massachusetts 01608

    Re:    Donald Acher ("Acher") v. Fujitsu Network Communications, Inc. ("FNC"):
           Civil Action No. 03-12099 (DS)

Dear Mr. Castles:

    We write on behalf of FNC and in response to the November 2, 2004 letter filed by Acher submitting the Massachusetts Appeals Court opinion of Falcon v. Leger. Mr. Acher contends that, based on this opinion, his Complaint states a claim for termination in violation of public policy.[1]

    Falcon does not support Acher's case. In Falcon, the plaintiff's supervisor asked him to hide electrical wires that had failed an initial safety inspection. This way, the company could show the inspector different wires on a subsequent visit, yet still deliver the defective wires to a customer. The plaintiff claimed that his supervisor terminated his employment after he complained about the illegality of this action.

    In contrast, Acher's Complaint alleges that he raised a concern to his supervisors about a provision in FNC's initial proposal for a sale of equipment to a customer, which Acher felt posed a safety issue. (See Complaint, ¶ 19) Unlike in Falcon, the matter was fully disclosed to the customer who considered it, but rejected it in favor of a more narrowly defined provision. (Id. ¶¶ 14-15) FNC thus made the sale as its customer proposed. (Id. ¶ 25)

---

[1]    FNC has moved to compel arbitration of the claims in Acher's Complaint. Alternatively, FNC motion seeks dismissal of Acher's claims, his public policy claim among them.

ATLANTA • BOSTON • CHICAGO • DALLAS • HOUSTON • LOS ANGELES
NEWARK • NEW YORK • SAN FRANCISCO • STAMFORD • WASHINGTON, D.C.
BO:126342v1

EPSTEIN BECKER GREEN WICKLIFF & HALL, P.C. IN TEXAS ONLY

2

While Acher's employment was terminated months later for unrelated reasons, he does not state a claim for termination in violation of public policy based upon the allegations in his Complaint. *First,* he fails to allege any facts about why there was any kind of a safety concern in FNC's proposal and, as set forth in FNC's motion, he must allege a termination in violation of a "clearly defined public policy." *Second,* because FNC's customer was aware of the provision in FNC's initial proposal, considered it, but rejected it in favor of a more narrowly defined provision, the allegations in Acher's situation do not compare to those of the plaintiff in Falcon. In Falcon, the plaintiff was asked to conceal and help ensure delivery of products that had failed a safety inspection.

Accordingly, if this Court denies FNC's motion to compel arbitration and examines Acher's complaint pursuant to Fed. R. Civ. P. 12(b)(6), FNC submits that Count I of Acher's Complaint for termination in violation of public policy should be dismissed.

Thank you for your further consideration.

Very truly yours,

Jeffrey M. Rosin

cc:   Gary Goldberg, Esq.