UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WORCESTER, SS.:                                    Civil Action No. 03 12099 FDS

_____

DONALD ACHER,
                Plaintiff,

v.

FUJITSU NETWORK COMMUNICATIONS,
INC.
                Defendant.
_____

## PLAINTIFF'S OBJECTIONS TO ORDER AND REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

**INTRODUCTION**

    The Plaintiff, Donald Acher ("Mr. Acher"), filed suit against his former employer, Fujitsu Network Communications, Inc., ("Fujitsu") alleging claims for wrongful termination in violation of public policy (Count I), breach of the implied covenant of good faith and fair dealing (Count II) and breach of contract (Count III). Fujitsu filed a Motion to Compel Arbitration or in the Alternative, to Dismiss Complaint for Failure to State a Claim. US Magistrate Judge Swartwood issued his Order and Report and Recommendation, dated November 18, 2004, and received by Plaintiff on November 19, 2004. Plaintiff hereby objects to that part of the Report and Recommendation which relates to the dismissal of the claim for wrongful termination in violation of public policy (Count I), specifically pages 15 through 17.

**OBJECTIONS**

Mr. Acher alleges that his internal opposition to a proposal put forth by Fujitsu management relating to the removal, destruction or disabling of Fujitsu's competitor's equipment (located on the Verizon premises) and that which would have resulted in the creation of public safety concerns, warrants an exception to the employee-at-will doctrine. The conclusion reached by the Magistrate Judge, in distinguishing the recent Massachusetts Appeals Court decision in Falcon v. Leger, 62 Mass. App. Ct. 352 (2004), was that public safety was not compromised because the ultimate decision for accepting or rejecting the proposal[1], was Verizon's. Consequently, the Magistrate Judge concluded that a claim for wrongful termination in violation of public policy cannot stand since "Acher cannot establish that FNC's proposal put the consumer in harms way or threatened the public safety." Order and Report and Recommendation, p. 17.

Internal whistle-blowing based on corporate wrongdoing will nonetheless result in protected activity even if the whistle-blowing is based upon a reasonable good faith but erroneous belief. Mello v. Stop and Shop Companies, 402 Mass. 555, 560 fn.6 (1988); Shea v. Emmanuel College, 425 Mass. 761 (19997); Falcon v. Leger, 62 Mass. App. Ct. 352, ___ (2004). As in Falcon, Acher's "good faith dispute with management over an electrical product deemed to be unsafe"... "concerned much more than just matters internal" to Fujitsu. Falcon v. Leger, 62 Mass. App. Ct. 352, ___ (2004). The protection afforded Mr. Acher should begin when he opposes the potentially unlawful conduct (public safety concerns) and not only when the safety

---

[1] Mr. Acher disagrees with the statement made by the Magistrate Judge that the "proposal" was rejected by Verizon. See paragraphs 20 through 22 of the Verified Complaint and Jury Demand.

concerns are imminent. How is Mr. Acher supposed to distinguish between public safety concerns that are "purely internal," as is suggested by the Magistrate Judge's Decision, or one that truly affects the general public? He cannot and should not have to make that distinction. Mr. Acher's obligations are to report his concerns over public safety immediately within his chain of command and not suffer retaliation without protection. If instead, Mr. Acher contacted an outside third party to report his concerns over these potential safety violations, and retaliation resulted thereafter, there would be little doubt that he would have a viable claim for violation of public policy. What then is the true distinction? Since both the Massachusetts Supreme Judicial Court and the Appeals Court have held that internal whistle-blowing based upon a reasonable good faith belief that the employer is violating the law requires protection, that protection should be afforded Mr. Acher as soon as the whistle-blowing occurs and not at a unspecified and unknown future date. The fact that the whistle-blowing occurred relating to a proposal being advanced by Fujitsu relating to Verizon, Mr. Acher's primary account, should not reduce or minimize Mr. Acher's concerns over the impact of the acceptance of that proposal on public safety. If protection is not afforded Mr. Acher under these circumstances, then employees in similar situations will be even more reluctant to raise concerns to their employers regarding potential safety concerns or unlawful acts affecting the public, decreasing the already-established protections for violations of public policy.

**CONCLUSION**

Plaintiff respectfully requests that the Magistrate Judge's Decision regarding Count I be reversed and that Count I be reinstated.

Respectfully submitted,
Plaintiff, Donald Acher, by his attorney

*/s/ Gary H. Goldberg*
Gary H. Goldberg
120 Main Street
Worcester, MA 01608
(508)797-1018
BBO #: 553887

Dated: November 24, 2004

**CERTIFICATE OF SERVICE**

I, Gary H. Goldberg, hereby certify that on this 24 day of November, 2004, I filed an original of the Plaintiff's Objections to Order and Report and Recommendation of Magistrate Judge by first class mail to: Clerk, United States District Court, 595 Main Street, Worcester, Massachusetts 01608 and forwarded a copy by first class mail to counsel for Defendant:

Jeffrey M. Rosin, Esq.
Epstein, Becker & Green, P.C.
111 Huntington Avenue, 26th Floor
Boston, MA 02199

*/s/ Gary H. Goldberg*
Gary H. Goldberg, Esq.