UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
DONALD ACHER                            )
                                        )
        *Plaintiff*,                    )
                                        )
v.                                      )
                                        ) CIVIL ACTION NO. 03-12099 (FDS)
FUJITSU NETWORK COMMUNICATIONS,         )
INC.                                    )
                                        )
        *Defendant.*                    )
_____ )

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS
TO THE NOVEMBER 18, 2004 ORDER AND REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE SWARTWOOD**

On November 29, 2004, plaintiff, Donald Acher ("Acher"), filed an objection to that part

of the November 18, 2004 Order and Report and Recommendation Magistrate Judge Charles B.

Swartwood, III ("Order") dismissing Count I of his Complaint for termination in violation of

public policy. Defendant, Fujitsu Network Communications, Inc. ("FNC"), hereby responds to

Acher's objection.

For the reasons below, this Court should deny Acher's objection and adopt the Order.

**ARGUMENT**

Acher's effort to plead that his termination is a violation of public policy presents the

exact situation that the Massachusetts Supreme Judicial Court ("SJC") has repeatedly rejected as

stating a claim. Namely, Acher alleges that a purported internal complaint he made to his

superiors about an internal company matter (i.e., how to handle the terms of a sales pitch to a

customer) raised a public safety concern and resulted in his termination. (See Complaint, ¶¶ 19,

26, 27-32)[1]

Magistrate Judge Swartwood properly recommends that such allegations fail to state a claim.  The allegations in Acher's Complaint are no different that those of the plaintiff in Stewart, who alleged "that he had been wrongfully discharged in retaliation for his continual attempts to convince GTE management to warn the public about safety risks associated with the use of certain GTE products, and his insistence that GTE comply with Federal law governing the disposal of hazardous waste." Stewart, 653 N.E.2d at 163.  Nor are Acher's allegations different than those of the plaintiff in Mistishen, who claimed she was discharged for complaints that her employer was selling defective products to customers. See Mistishen, 630 N.E.2d at 295-96.  As the Magistrate Judge further recognized, the recent Appeals Court opinion in Falcon v. Leger, 816 N.E. 2d 1010 (Mass. App. Ct. 2004), relied upon by Acher is readily distinguishable. (See Order, at 15-17)  Among other things, in Falcon, the terminated employee's supervisor wanted him to conceal defective electrical wiring from an independent public safety inspector.  This way, the company could deliver that wiring for use by a customer, something the Appeals Court noted was tantamount to "committing a fraud" upon government and public officials who rely upon the certifications of the independent inspectors to ensure public safety. See Falcon, 816 N.E. 2d at 1019.

This Court should adopt the Order dismissing Acher's public policy claim.

---

[1]    In its Motion to Compel Arbitration Or, In The Alternative, Dismiss Complaint for Failure to State a Claim, FNC cited several SJC opinions rejecting such claims. See, e.g., GTE Products Corp. v. Stewart, 653 N.E.2d 161, 163 (Mass. 1995); King v. Driscoll, 638 N.E.2d 488, 492-93 (Mass. 1994); Wright v. Shriner's Hospital for Cripled Children, 589 N.E.2d 1241, 1244-45 (Mass. 1992); Smith-Pfeffer v. Superintendent Of The Walter E. Fernald State School, 533 N.E.2d 1368, 1371 (Mass. 1989); see also Mistishen v. Falcone Piano Company, Inc., 630 N.E.2d 294, 296 (Mass. App. Ct. 1994).

## CONCLUSION

The Order dismissing Count I of Acher's Complaint should be adopted by this Court.

Respectfully submitted,

FUJITSU NETWORK COMMUNICATIONS,
INC. and STEVEN UNGER

By their attorneys,

/s/ Jeffrey M. Rosin
Barry A. Guryan, BBO #214920
Jeffrey M. Rosin, BBO #629216
Epstein, Becker & Green, P.C.
111 Huntington Avenue
Boston, MA 02199
(617) 342-4000

Dated: December 3, 2004

## CERTIFICATE OF SERVICE

I, Jeffrey M. Rosin, hereby certify on this 3rd day of December 2004, that I served a copy of this Response by First Class Mail to counsel for the plaintiff:

Gary H. Goldberg, Esq.
Attorney at Law
120 Main Street
Worcester, Massachusetts 01608
(508) 797-1018

/s/ Jeffrey M. Rosin
Jeffrey M. Rosin