UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| )<br>DONALD ACHER,            )<br>                              )<br>       Plaintiff,            )<br>                              )<br>   v.                         )<br>                              )<br>FUJITSU NETWORK COMMUNICATIONS, )<br>INC.,                         )<br>                              )<br>       Defendant.            )<br>_____) | Civil Action No.<br>03-12099-FDS |

### ORDER

**SAYLOR, J.**

On March 10, 2005, the parties filed a joint statement setting forth their proposed litigation schedule in anticipation of an upcoming scheduling conference. On March 11, defendant moved for summary judgment as to all counts. On March 14, the parties appeared before the Court for a scheduling conference.

At the scheduling conference, the parties addressed the discovery schedule in light of the motion for summary judgment. Plaintiff indicated that, after reviewing the motion, two principal disputed factual issues appeared to remain in the case: (1) the circumstances surrounding an apparent change in Acher's compensation from a 39% share of the Plug-in-Card ("PIC") bookings on Flashwave 4000 series and management products sold to Verizon to a 28% share, as indicated in paragraph 6(ii)-(iii) of the Affidavit of Douglas Moore submitted with the summary judgment motion; and (2) whether Acher received appropriate commissions or other credit for certain sales to Verizon that may have been booked after he was terminated.

Given that the resolution of these two issues may resolve or substantially narrow the

dispute between the parties, the parties agreed to conduct discovery in two stages. In the first stage, the parties will conduct limited discovery on the two issues identified above. This initial limited discovery must be completed by June 15, 2005. In order to try to minimize the need to conduct multiple depositions of the same witnesses, the parties will also be permitted to depose witnesses on subjects outside the two identified issues where such discovery is reasonably necessary to avoid serious inconvenience or expense to the witness.

The parties shall also adhere to the following schedule: (1) defendant shall file an answer to the complaint by March 28, 2005; (2) the initial disclosures as required by Fed. R. Civ. P. 26(a)(1) shall be completed by April 15, 2005; and (3) except for good cause shown, amendments to the pleadings to add new parties or assert new claims or defenses shall be completed by April 15, 2005.

The Court will continue Defendant's Motion for Summary Judgment until after limited discovery has been completed. Defendant will then have until July 1, 2005 to file an amended motion for summary judgment. Plaintiff must respond to the Motion for Summary Judgment, or any amended motion, by July 22, 2005.

The Court will hold a status conference on September 13, 2005 at 3 p.m. to determine the status of the case, to ascertain whether further discovery is needed, and to set such further schedule as may be appropriate.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: March 15, 2005