UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                                   )
DONALD ACHER,                      )
                                   )
        Plaintiff,                 )
v.                                 )    CIVIL ACTION NO. 03-12099 (FDS)
                                   )
FUJITSU NETWORK COMMUNICATIONS,    )
INC.                               )
                                   )
        Defendant.                 )
_____)
```

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Fujitsu Network Communications, Inc. ("Defendant"), hereby answers and asserts its affirmative defenses in response to the Complaint of plaintiff, Donald Acher ("Plaintiff") as follows:

## ANSWER

1. Defendant admits that Plaintiff was a former employee and that he filed a complaint for the three general claims listed in Paragraph 1, but Defendant denies that there is any factual or legal merit to those claims.

2. Defendant admits that Paragraph 2 states Plaintiff's last known residence but Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 2.

3. Defendant admits the allegations in Paragraph 3 of the Complaint.

4. Paragraph 4 calls for a legal conclusion and, as such, no response. To the extent Paragraph 4 contains or implies factual allegations not specifically set forth therein, they are denied.

5. Defendant admits the allegations in the first sentence of Paragraph 5. The remaining allegations in Paragraph 5 are denied.

6. Defendant denies the general allegations about Plaintiff's compensation in Paragraph 6 further stating that Plaintiff's W-2 forms reflect a full and accurate recitation of Plaintiff's compensation as an employee of Defendant.

7. Defendant admits the allegations in the first two sentences of Paragraph 7, other than the allegation that the sales incentive plan was "divided into halves," which is denied. The remaining allegations in Paragraph 7 are denied.

8. Defendant denies the allegations in Paragraph 8.

9. Defendant admits that Verizon was one of Defendant's customers. The remaining allegations in Paragraph 9 are denied.

10. Defendant denies the allegations in Paragraph 10.

11. Defendant denies the allegations in Paragraph 11.

12. Defendant denies the allegations in Paragraph 12.

13. Defendant admits that Douglas Moore, Vice President of Sales in 2002, wanted to improve Defendant's sales with all customers, including Verizon, at all times, but Defendant denies the remaining allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant denies the allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant lacks sufficient information to admit or deny the allegations in the first sentence of Paragraph 19. Defendant denies the remaining allegations in Paragraph 19.

20.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 20.

21.   Defendant denies the allegations in Paragraph 21.

22.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 22.

23.   Defendant admits the allegations in the first sentence of Paragraph 23. The remaining allegations in Paragraph 23 are denied.

24.   Defendant lacks sufficient information to admit or deny the allegations in Paragraph 24.

25.   Defendant denies the allegations in Paragraph 25.

26.   Defendant denies the allegations in Paragraph 26, other than the allegations concerning the date of Acher's termination (i.e., June 11, 2003), which Defendant admits.

### Answer to "Count I"
### Wrongful Termination in Violation of Public Policy

27-32.   By Order of this Court dated January 26, 2005, Count I of Plaintiff Complaint has been dismissed and, as such, Defendant submits that no response is required. To the extent a response is required to the allegations in Paragraph 27-32, they are denied.

### Answer to "Count II"
### Breach of the Implied Covenant of Good Faith and Fair Dealing

33.   Defendant incorporates by reference its response to the allegations in Paragraphs 1-32 above.

34.   Defendant admits that a sales incentive plan described aspects of Plaintiff's possible compensation, but the remaining allegations in Paragraph 34 are denied.

35.   Defendants denies the allegations in Paragraph 35.

36.   Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

### Answer to "Count III"
### Breach of Contract

39. Defendant incorporates by reference its response to the allegations in Paragraph 38 above.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

Plaintiff's various requests for relief on the last page of his Complaint should also be denied.

### AFFIRMATIVE DEFENSES

1. Count I of Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Counts II and III of Plaintiff's Complaint fail to state a claim upon which relief can be granted.

3. Counts II and III of Plaintiff's Complaint are moot.

4. Plaintiff has no damages to support his claims in Counts II and III

5. Plaintiff's claim in Count III fails upon Defendant's payment of all monies to Plaintiff that could possibly owed under a breach of contract theory.

6. Plaintiff's claims fail on the basis of his employment at-will status.

7.  To the extent it may apply, Plaintiff's claims fail under the doctrine of accord and satisfaction.

Respectfully submitted,

FUJITSU NETWORK
COMMUNICATIONS, INC.

By its attorneys,

/s/ Jeffrey M. Rosin
Barry A. Guryan, BBO #214920
Jeffrey M. Rosin, BBO #629216
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
(617) 342-4000

Dated: March 22, 2005

5